PER CURIAM.
 

 Demetrius Dyer appeals the trial court’s denial of his motion to suppress incriminating statements he made to the police while in custody following a five-hour period of questioning during which three teams of five detectives tried to get him to speak. We affirm because Dyer’s Miranda rights were not violated.
 

 During the period of questioning, Dyer never invoked his right to silence. He simply ignored the detectives and stared at the wall. The inquiry was intermittent and pertained only to questions like his
 
 *991
 
 name, personal background, and date of birth. When Dyer finally agreed to speak, he was read his Miranda rights.
 

 In
 
 Jump v. State,
 
 983 So.2d 726 (Fla. 1st DCA 2008),
 
 State v. Lebron,
 
 979 So.2d 1093 (Fla. 3d DCA 2008), and
 
 State v. Pitts,
 
 936 So.2d 1111 (Fla. 2d DCA 2006), the courts have held that, where a defendant makes a statement after receiving a Miranda warning which confirms an earlier voluntary statement made before Miranda warnings were given, the post-Miranda statement is admissible if the police officer did not engage in a calculated two-step strategy to undermine the requirements of Miranda. In
 
 Oregon v. Elstad,
 
 470 U.S. 298, 318, 105 S.Ct. 1285, 84 L.Ed.2d 222 (1985), the Supreme Court held “that a suspect who has once responded to unwarned yet uncoercive questioning is not thereby disabled from waiving his rights and confessing after he has been given the requisite Miranda warnings.”
 

 Dyer’s argument is even weaker than the defendants’ arguments in
 
 Jump, Le-brón,
 
 and
 
 Pitts
 
 because he made no incriminating statements prior to the administration of his Miranda rights. Dyer’s Miranda rights were thus not undermined.
 

 Affirmed.